IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03226-REB-KLM

MANCHESTER PLACE HOA INC.,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss, or in the Alternative, Motion to Strike, Plaintiff's First Amended Complaint; F.R.C.P. 12(b) and 12(f)** [#24][1] (the "Motion"). Plaintiff filed a Response [#27] in opposition to the Motion, and Defendant filed a Reply [#32]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#24] is **GRANTED in part and DENIED as moot in part**.

This matter was removed from Arapahoe County District Court on November 26, 2014. *Notice of Removal* [#1]. Defendant filed an Answer [#11] on December 3, 2014. In the proposed Scheduling Order submitted before the Scheduling Conference held on

---

[1] [#24] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Order.

-1-

February 19, 2015, the parties jointly asked the Court to set an April 5, 2015 deadline for joinder of parties and amendment of pleadings. [#18] at 8. At the Scheduling Conference, Plaintiff orally moved to extend that deadline to May 31, 2015. *Response* [#27] at 2. Defendant did not object, and the Court granted the request. *Id.*; *Scheduling Order* [#20] at 8. On May 29, 2015, Plaintiff filed an Amended Complaint [#23]. Plaintiff did not file a motion to amend in connection with the Amended Complaint [#23]. On June 12, 2015, Defendant filed the present Motion [#24] either seeking to strike the Amended Complaint or else seeking its dismissal under Fed. R. Civ. P. 12(b).

The Court first addresses Defendant's request to strike the Amended Complaint for failure to comply with Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, Plaintiff's Answer [#11] was filed on December 3, 2014, and Plaintiff filed the Amended Complaint on May 31, 2015, far outside of the 21-day window provided for amendment as a matter of course. Accordingly, to the extent Plaintiff wanted to amend its Complaint, it was required to do so under Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Defendant did not provide its written consent. *Motion* [#24] at 1. Thus, Plaintiff was required to seek leave of the Court to file the Amended Complaint.

It is undisputed that Plaintiff did not file a motion for leave to amend the Complaint

[#5]. Plaintiff argues that the Court automatically granted leave to file the Amended Complaint at the Scheduling Conference when it extended the deadline for joinder of parties and amendment of pleadings to May 31, 2015. *Response* [#27] at 2. However, the form of Scheduling Order provided for the parties' use explicitly states that filing of a motion for leave to amend is required regardless of the deadline provided for amending pleadings. *See Appendix F.1., Form of Scheduling Order* [#14-1] at 5 ("This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15."). Moreover, the Court has listened to the audio recording of the February 19, 2015 Scheduling Conference and has confirmed that Plaintiff was not granted permission to file an Amended Complaint as a matter of course. Rather, although the deadline for joinder of parties and amendment of pleadings was extended at the hearing to May 31, 2015 under Rule 16(b), the Court did not address the filing of an Amended Complaint under Rule 15(a). Thus, because Plaintiff was not permitted to file the Amended Complaint as a matter of course, and because Defendant did not provide written consent, Plaintiff was required to seek leave of the Court to file the Amended Complaint. Because Plaintiff has not filed a motion seeking leave of the Court which complies with Fed. R. Civ. P. 15(a)(2) and D.C.COLO.LCivR 15.1(b), the Amended Complaint must be stricken. Further, because the Amended Complaint must be stricken, the portion of Defendant's Motion [#24] that seeks dismissal of the claims in Plaintiff's Amended Complaint is moot.

Finally, in the Response, Plaintiff seeks leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). *See* [#27] at 8-9. However, as discussed above, Plaintiff's window for filing an amended complaint as a matter of course closed twenty-one

days after Defendant filed its Answer [#11] on December 3, 2014. The period for amendment as a matter of course does not repeatedly reset with each new pleading or new Rule 12(b) motion which is filed. *See* Fed. Civ. P. 15(a)(1)(B). In addition, to the extent Plaintiff may have been seeking leave to file an amended complaint in the alternative, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d).

IT IS HEREBY **ORDERED** that the Motion [#24] is **GRANTED in part and DENIED as moot in part**. The Motion is **granted** to the extent Defendant seeks to strike Plaintiff's Amended Complaint [#23]. The Motion is **denied as moot** to the extent Defendant seeks dismissal of the Amended Complaint [#23]. [2]

Dated: October 13, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] Thus, the live pleadings in this case remain the Plaintiff's Complaint [#5] and Defendant's Answer [#11]. The Court reminds Plaintiff that, because the deadline for joinder of parties and amendment of pleadings has now passed, if Plaintiff files a motion seeking leave to amend its Complaint, it must comply with both Fed. R. Civ. P. 16(b)(4) as well as Fed. R. Civ. P. 15(a)(2). *See, e.g., Mason v. Fantasy, LLC*, No. 13-cv-02020-RM-KLM, 2015 WL 429963, at *2 (D. Colo. Jan. 30, 2015).