IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03226-REB-KLM

MANCHESTER PLACE HOA INC.,

     Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation,

     Defendant.
_____

**MINUTE ORDER**
_____E

**NTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Serve Supplemental Expert Disclosures Pursuant to Fed. R. Civ. P. 6(b)(1)(B)** [#68] (the "Motion"). In the Motion, Plaintiff notes that Defendant partially opposes the requested relief. [#68] at 1. However, Defendant's deadline to respond to the Motion has elapsed and no Response has been filed. D.C.COLO.LCivR 7.1(d). As a result, the Court treats the motion as unopposed. *See Walter v. HSM Receivables*, No. 13-cv-00564-RM-KLM, 2014 WL 5395197, at *1 (D. Colo. Oct. 23, 2014) ("The Motion is essentially unopposed as no response has been filed by Defendants."); *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, at *1 (D. Colo. July 2, 2009) (noting that Plaintiff did not file a response to the motion for sanctions and "deem[ing] the Plaintiff to have defaulted on th[e] motion.").

In connection with the first request for relief, Plaintiff states that it designated Tom Irmiter ("Irmiter") as an expert on construction and the value of repairs. Irmiter's Report and Estimate were provided to Defendant with Plaintiff's Initial Disclosures. However, while the Irmiter Report was attached to Plaintiff's Expert Designation, the Irmiter Estimate was not attached. Notwithstanding this technical omission, Defendant's expert, Tom Raga, commented on and critiqued the Irmiter Estimate in his report. Plaintiff argues that "[c]onsequently, leave to correct this procedural error and attach Irmiter's Expert Estimate to Plaintiff's Expert Designation will create no prejudicial effect to Defendant" and that "no impact on the judicial proceedings will exist." *Motion* [#68] at 3. Thus, Plaintiff requests leave to serve Plaintiff's Supplemental Designation of Experts to include both the Report and Estimate of Irmiter. This portion of the Motion [#68] is **granted**.

In connection with the second request for relief, Plaintiff states that "[t]he Irmiter report contained the signatures of Tom Irmiter, Ryan Nieregarten and Brian Johnson (engineer who sealed the report).  Tom Irmiter, only, was designated, by former counsel, as a retained expert."  *Motion* [#68] at 3-4.  Plaintiff argues that because "the names were included in the Irmiter Report originally submitted with Plaintiff's Initial Disclosures, the designation of these experts will not constitute surprise to the Defendant[ ]."  *Id.* at 4. Thus, Plaintiff seeks leave to supplement Plaintiff's Expert Designations and Disclosures to include Ryan Niergarten and Brian Johnson as retained experts.  This portion of the Motion [#68] is also **granted**.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#68] is **GRANTED**.  **On or before April 25, 2016**, Plaintiff shall (1) serve Defendant with Plaintiff's Supplemental Designation of Experts, in order to include both the Report and Estimate of Irmiter, and (2) supplement Plaintiff's Expert Designations and Disclosures to include Ryan Niergarten and Brian Johnson as retained experts.

Dated:  April 14, 2016